IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
ARQUELIO RUIZ-RODRIGUEZ          *
        Petitioner,              *
                                 *
                                 *
        v.                       *
                                 *      CIVIL NO. 11-1657(JAG)
 JOSE MIRANDA-RODRIGUEZ et. al., *
        Respondents.             *
_____  *
```

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2254 habeas corpus petition (D.E. #4).[1]  Respondent filed a Motion to Dismiss the Petition (D.E. #15).   The same remains unopposed. For the reasons discussed below, the Petition is hereby DENIED.

## I. BACKGROUND

Petitioner Arquelio Ruiz-Rodriguez (hereinafter "Petitioner" or "Ruiz-Rodriguez") is a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico, has filed a *pro se* application for writ of *habeas corpus* pursuant to 28 U.S.C. Sec. 2254.   Petitioner filed this *habeas corpus* before federal court alleging a series of irregularities in his case.   Amongst them:

> (1) Petitioner was not granted the right to testify during trial;
>
> (2) Petitioner was never given a preliminary hearing;
>
> (3) At the time of the facts in question Petitioner was not at the location where the crime with which he was charged with occurred;
>
> (4) All remedies were exhausted in the Court of First

---

[1]D.E. is an abbreviation of docket entry number.

Civil No. 11-1657(JAG)                                          Page 2

Instance, the Court of Appeals, and the Supreme Court;

(5) Petitioner alleged that defense counsel did not provide a good nor legitimate defense and denied Petitioner the right to testify;

(6) Petitioner's conviction was obtained through violations to his privilege of self incrimination;

(7) The Police of Yauco, who investigated the crime, did not inform the District Attorney that several witnesses stated that what had transpired was an accident;

(8) Petitioner's conviction is a violation of double jeopardy;

(9) During trial witnesses committed perjury,

(D.E. 24-1).

The record is barren regarding the facts surrounding Petitioner's arrest and incarceration. Neither party has provided an account of what transpired. Therefore, this Court must circumscribe itself to what is available by way of the certified translations of the multiple state court documents and the summary provided by Respondents' in their Motion to Dismiss (D.E. 15).

Ruiz-Rodriguez is currently incarcerated in the Ponce Correctional Institution in Ponce, Puerto Rico. Petitioner is serving a sentence of one hundred and forty eight and a half years of incarceration after having been found guilty of first degree murder and violations to the Puerto Rico Weapons Act.

On April 10, 1991, Petitioner was sentenced by the Court of First Instance of Puerto Rico, Ponce Part. On April 14, 1993, Petitioner filed an Appeal of his sentence with the Court of Appeals

of Puerto Rico.  This appeal was denied. Petitioner then filed a Petition for Certiorari before the Supreme Court of Puerto Rico. The same was also denied (D.E. #4).

On September 23, 2004, Ruiz-Rodriguez filed a Rule 192.1 Motion with the Court of First Instance.  Petitioner requested that he be granted a new trial based on the following errors: (1) that the evidence in his case was withheld or destroyed; (2) that there was never an arrest warrant issued against him; (3) that he never had a preliminary hearing; (4) and that the sentence Petitioner received was contrary to law for the facts surrounding his conviction did not constitute murder in the first degree (Pueblo de Puerto Rico v. Ruiz-Rodriguez, 2005 WL 1002558).  On November 1, 2004, the Court of First Instance denied Petitioner's Rule 192.1 Motion.  Petitioner then filed a Writ before the Court of Appeals of Puerto Rico.  On March 31, 2005, the Court of Appeals issued its Sentence in which it stated that Ruiz-Rodriguez did not appeal his sentence within the jurisdictional terms established and that the proper venue for his allegations of error was an appeal and not a Rule 192.1 motion, therefore the appeal of court of first instance's denial of the Rule 192.1 motion was denied (Pueblo de Puerto Rico v. Ruiz-Rodriguez, 2005 WL 1002558).  On August 18, 2005, Petitioner filed a Motion for Reconsideration before the Court of Appeals and the same was denied on October 10, 2005, (D.E.17-2).  On October 31, 2005, Petition filed a Petition for Certiorari before the Supreme Court of Puerto Rico (D.E. 17-3).  In said petition Ruiz-Rodriguez alleged: (1) Petitioner was denied the right to a preliminary hearing; (2) Petitioner was denied the right to free speech; (3) Petitioner was denied the right

to a fair and impartial trial; (4) Petitioner was imposed an excessive sentence in violation to the Constitution since the elements of the case did not constitute first degree murder; (5) Petitioner was not allowed a new trial pursuant to Rule 192.1; and (6) The sentence imposed exceeded the penalty prescribed by law (D.E. 17-3). On February 17, 2006, the Supreme Court of Puerto Rico issued its Resolution in which it denied Petitioner's Certiorari "due to its crass noncompliance with the rules of the Court." (D.E. 17-4 at P. 1).

On August 4, 2006, Petitioner once again filed before the Supreme Court of Puerto Rico this time he termed his filing Motion for Assistance of the Honorable Supreme Court (D.E. 17-5). In this new filing Ruiz-Rodriguez alleged that he was never informed prior to sentencing the effects of recidivism over the imposition of his sentence and his sentence should therefore be reversed. On September 25, 2006, The Supreme Court denied Petitioner's Motion (D.E. 17-8).

On August 18, 2008, Ruiz-Rodriguez returned to the Court of First Instance with a new Motion for Reconsideration of Sentence Pursuant to Rule 192.1 (D.E. 17-9). In this new Rule 192.1 motion Petitioner alleged: (1) Petitioner never had a preliminary hearing; (2) Petitioner was not allowed to testify during trial; (3) Petitioner's right to confront witnesses was violated; and (4) Petitioner's counsel was incompetent. On August 26, 2008, the Court of First Instance denied Petitioner's Rule 192.1 Motion (D.E. 22-1).

On September 11, 2008, Ruiz-Rodriguez filed a Petition for Certiorari before the Puerto Rico Court of Appeals (D.E. 22-2). In this new Petition for Certiorari Ruiz-Rodriguez alleged: (1) The

trial judge deprived Petitioner of his constitutional right to be assisted by counsel; (2) Petitioner is currently illegally detained because the psychiatrist who certified that Ruiz-Rodriguez was competent to stand trial was employed by the state therefore creating a conflict of interest; (3) Petitioner is illegally detained because his attorney did not file an appeal of his conviction and sentence which is a violation of Petitioner's due process; and (4) Petitioner's never had a preliminary hearing therefore his presumption of innocence was violated (D.E. 22-2). On October 15, 2008, the Court of Appeals Judicial Region of Ponce issued its Resolution (D.E. 22-3). The Court of Appeals stated: "In the instant case, Petitioner's brief does not justify the concession of any remedy by this Court. Based on the foregoing, the petition filed is hereby dismissed[2]"(D.E. 22-3 at p. 4).

On November 3, 2008, Ruiz-Rodriguez filed in the Puerto Rico Court of Appeals a Motion for Reconsideration. In this latest filing Petitioner claimed: (1) that on route to the preliminary hearing the officers who were transporting him took him to the victim's family whom in turn tried to kill him. Therefore, his preliminary hearing was canceled and subsequently never held; (2) Petitioner's conviction

---

[2]In its Resolution the Puerto Rico Court of Appeals made several pronouncements as to Petitioner's allegations one of which may be said of his current filing before this Court: "The writ drafted is partly, confusing, which does not allow us to see adequately to the arguments and requests. It does not stem from the writ whether the petitioner has filed its statement before T.P.I. or that it he entitled to any remedy.(D.E. 22-3 at p. 2). Clearly, the appeals court did not have an opportunity to pass judgment over the alleged errors due to the lack of information provided by Ruiz-Rivera in his filing.

Civil No. 11-1657(JAG)                                        Page 6

was obtained through perjured testimony of the state psychiatrist whom in fact never evaluated Ruiz-Rodriguez; and (3) that the Court erred in allowing the testimony of the state psychiatrist on behalf of Petitioner since his testimony represented a conflict of interest (D.E. 22-4). On November 13, 2008, the Puerto Rico Court of Appeals denied Petitioner's Motion for Reconsideration (D.E. 22-5).

On December 5, 2008, Ruiz-Rodriguez once again filed before the Supreme Court a Petition for Certiorari. Petitioner alleged: (1)Petitioner should be granted a new trial because he never had a preliminary hearing; (2) Petitioner was denied a fair an impartial trial since a witness lied under oath[3]; (3) Petitioner's due process was violated; (4) the state improperly use a psychiatrist employed by the state to testify against Petitioner during his trial; (5) Petitioner never received the copies of the charges against him; (6) Petitioner was never advised of his rights by a magistrate judge; (6) Petitioner was denied his freedom of speech once detained; (7) the presiding trial judge should have recused himself since he was friends of the victim and of the witnesses; and (8) ineffective assistance of counsel for failure to file an appeal, (D.E. 22-6). On May 29, 2009, the Supreme Court of Puerto Rico denied Petitioner's Certiorari (D.E. 22-7).

On October 28, 2010, Ruiz-Rodriguez, filed yet another Writ of Certiorari before the Supreme Court of Puerto Rico (D.E. 22-8). In this latest filing Ruiz-Rodriguez alleged that on July 14, 2010, he

---

[3]The identity of the witness Ruiz-Rodriguez is referring to is a mystery since he provided no additional information on the matter.

Civil No. 11-1657(JAG)                                              Page 7

filed a Motion Under Rule 192.1 before the Court of First Instance alleging that he had new exculpatory evidence that would exonerate him. Petitioner claimed that the Court of First Instance denied his request. Ruiz-Rodriguez alleged that upon the denial he filed on July 24, 2010, a Certiorari before the Puerto Rico Court of Appeals alluding to the new exculpatory evidence and requested a new trial. This, too, was denied.  Petitioner then submitted before the Puerto Rico Court of Appeals a Request for Reconsideration which was also denied.   Thus in this latest Certiorari before the Supreme Court Petitioner requested that the Court of First Instance be ordered to hear and evaluate the new exculpatory evidence Petitioner claims to have discovered.  However, Ruiz-Rodriguez did not specify what this evidence is nor does he provide any supporting documentation to his claim that would allow a trier of fact to properly evaluate his allegations[4], (D.E. 22-8).  On January 28, 2011, the Supreme Court denied Petitioner's Writ (D.E. 22-9).  On February 28, 2011, Ruiz-Rodriguez filed a Motion for Reconsideration before the Supreme Court of Puerto Rico, the same was denied on March 18, 2011, (D.E. 22-10 & 22-11).  Hence on July 11, 2011, Ruiz-Rodriguez filed a Section 2254 Habeas Corpus before this Court (D.E. 4).

     The Court makes two observations about Petitioner's legal maneuvers from the very long and intertwined narrative of filings at the state level. First, the Court notes that Ruiz-Rodriguez's strategy of continuous and improper filings may be aimed at

---

     [4]The Court notes that in Ruiz-Rodriguez's 2254 Habeas Petition, there is no reference to any "newly discovered evidence" or "any newly discovered exculpatory evidence."

Civil No. 11-1657(JAG)                                                    Page 8

improperly avoiding any statute-of-limitations arguments. Second, as noted above, Ruiz-Rodriguez has continuously provided new and unfounded allegations with which to counter his conviction and sentence. Like the state courts, this Court will not cater to Petitioner's "see what sticks" tactics nor to his vexatious litigious strategies.

In any event, it is clear that Petitioner has added and subtracted allegations at different points throughout the history of his case. Of Petitioner's entire gamma of allegations, only allegation number two (2) of his Sec. 2254 Petition, the lack of a preliminary hearing, has been a constant claim throughout the state process. Because Petitioner has not shown that he has exhausted *every* local post-conviction remedy for *all* of the claims made in his Sec. 2254 petition, this Court is without jurisdiction to address his motion.

## II. DISCUSSION

Pursuant to federal law, a prisoner who claims is being held by the state government in violation of the Constitution, or laws of the United States may file a civil lawsuit in federal court seeking a writ of *habeas corpus* pursuant to 28 U.S.C. Sec. 2254. A federal court's review of a 28 U.S.C. Sec. 2254 petition is not a direct review of a state court's decision. The petition is a separate civil suit considered a collateral relief. The federal *habeas corpus* grants statutory, not constitutional, relief as codified in 28 U.S.C. Sec. 2254.

Prisoners in state custody who choose to collaterally challenge in a federal habeas proceeding their confinement are required to

Civil No. 11-1657(JAG)                                          Page 9

comply with the "independent and adequate state ground doctrine".
See Yeboah-Sefah v. Ficco 556 F.3d 53 (1st Cir. 2009) (citing Coleman
v. Thompson, 501 U.S. 722, 730-31 (1991)).  As such Petitioner must
have met two initial requirements.  Petitioner is required to exhaust
state judicial remedies, either on direct appeal or through
collateral proceedings.  The highest state court available must have
a fair opportunity to rule on the merits of each and every claim
which petitioner seeks to raise in federal court.  In order to
fulfill this exhaustion requirement, the petitioner must have fairly
presented the substance of all of his federal constitutional claims
to the highest state court.  Levine v. Commissioner of Correctional
Servs., 44 F.3d 121, 124 (2nd Cir. 1995).

     The state court must have been apprised of both the factual and
legal base of those claims.  Grey v. Hoke, 933 F.2d 117, 119 (2nd
Cir. 1991).  The United States Supreme Court has held that in order
to satisfy the exhaustion requirement, a petitioner requesting
federal habeas corpus review is required to present claims to the
state supreme court even when its review is discretionary.
O'Sullivan v. Boerckel, 526 U.S. 838(1999).  The burden of providing
that a federal habeas claim has been exhausted in state court lies
with the petitioner.  Ruiz-Rodriguez, however, has not met this
initial burden as to most of his allegations.

     In the Commonwealth of Puerto Rico, there is a two-tier system
for post conviction relief.  In order for Petitioner to exhaust his
state court remedies, Ruiz-Rodriguez must either file a Rule 192.1
motion pursuant to the Puerto Rico Rules of Criminal Procedure
requesting the trial court to vacate, set aside, or correct the

Civil No. 11-1657(JAG)                                          Page 10

judgment (34 L.P.R.A. App. II, Rule 192.1), or a petition pursuant to section 1741 of the Code of Criminal Procedure requesting a writ of *habeas corpus* (34 L.P.R.A. Sec. 1741-1743).  An appeal may be filed from the subsequent denial of a Rule 192.1 motion or of a section 1741 *habeas* petition.  Once those appeals are denied by the Puerto Rico Court of Appeals, then Petitioner must file a writ of certiorari to the Supreme Court of Puerto Rico, Id.  Thus, pursuant to Puerto Rico law, in order for Ruiz-Rodriguez to properly file a Sec. 2254 petition for relief before this Court, he must first exhaust at least one of the two post-conviction remedies provided by the Commonwealth laws to the point of having either a Rule 192.1 motion or *habeas corpus* petition pursuant to section 1741 of the Code of Criminal Procedure reviewed by the Supreme Court of Puerto Rico (P.R.L.A. 34 section 1779).

    In the instant case, Petitioner has failed to show that he exhausted either of the local post-conviction remedies as to eight (8) of his nine (9) allegations in his 2254 petition[5].  By failing to do so eight (8) of his allegations have not had the opportunity to be

---

    [5]The only allegation which the record reflects Petitioner could plausibly argue he complied with the exhaustion requirement is allegation number two (2)- failure to have a preliminary hearing.  The remaining allegations raised by Petitioner in his 2254 habeas corpus have not been alleged throughout the complete state judicial system.  Meaning Petitioner has raised some of the allegations in his multiple Rule 192.1 motions and others in his intertwined appeal process but has not been consistent in presenting them from start to finish as required by state law. Therefore, Petitioner has not allowed the original trier of facts to evaluate the allegations he now raises in federal court. Furthermore, there is no evidence that Petitioner ever filed the alternative of a habeas petition at the state level pursuant to Section 1741.

Civil No. 11-1657(JAG)                                    Page 11

reviewed and adjudicated by the original trier of facts, the local court.  Therefore this Court lacks jurisdiction to entertain his petition.

The Supreme Court has made it clear that if each claim in a petition for a writ of habeas corpus has not been exhausted, the district court must dismiss the entire mixed petition, <u>Gonsalves</u> v. <u>Thompson</u>, 396 F.Supp.2d 36 at 43 (D.Mass. 2005) (citing <u>Rose</u> v. <u>Lundy</u>, 455 U.S. 509 (1982)).

Since the record before the Court reflects that Ruiz-Rodriguez has failed to exhaust state remedies for all but one of his allegations submitted in his Sec. 2254 Petition, and even that one is questionable based on the evidence before this Court, the Court finds that it has no alternative but to DISMISS the Petition for lack of subject-matter jurisdiction.

The Supreme Court has approved the use of a "stay and abeyance" methodology in certain cases of mixed petitions.[6]  In <u>Rhines</u> v. <u>Weber</u>, 544 U.S. 269 (2005), the Court acknowledged that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 11 Stat. 1214, placed some petitioners in a difficult position by adding a one year statute of limitations for habeas petitions under

_____

[6]However the Supreme Court has stated that a "stay in abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay in abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. Sec. 2254(b)(2)." <u>Rhines</u> at 277.

Civil No. 11-1657(JAG)                                    Page 12

28 U.S.C. Sec. 2254, while simultaneously codifying the exhaustion requirement.  *See* <u>Rhines</u> at 276.  Because the limitations period is not stayed during the pendency of federal proceedings, a petitioner whose petition is dismissed due to failure to exhaust some claims may find the limitations period expired. The Court therefore allowed for use of the stay and abeyance procedure under limited circumstances: the district court must determine "there was good cause for petitioner's failure to exhaust his claim first in state court," and the unexhausted claims must not be "plainly meritless." <u>Rhines</u> at 277. Further, "district courts should place reasonable time limits on a petitioner's trip to state court and back." <u>Rhines</u> at 278.

    In the present case Petitioner has made no request for a stay. Nor has he placed this Court in a position to evaluate the merits, or lack thereof, of his unexhausted claim since he has only made blanket assertions without providing evidence as to what transpired at the state level.  As such the Court shall not *motu propio* grant a stay.


**III. CONCLUSION**

    For the reasons stated, Petitioner **ARQUELIO RUIZ-RODRIGUEZ's**, Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. Sec. 2254 is hereby DENIED**.**

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 28th day of September, 2012.


                              s/ Jay A. Garcia-Gregory

                              **JAY A. GARCIA-GREGORY**
                              **UNITED STATES DISTRICT JUDGE**